SENTENCIA
A la luz de los principios de justiciabilidad, procede desestimar este caso por académico.
I
El Partido Nuevo Progresista (P.N.P.) presentó una demanda y una petición de injunction ante el Tribunal de Primera Instancia, Sala Superior de San Juan, contra el Estado Libre Asociado de Puerto Rico y su entonces Gobernadora, Hon. Sila María Calderón (Gobernadora).
El P.N.P. alegó en la demanda que la Gobernadora utilizó fondos públicos para transmitir varios anuncios en la prensa, radio y televisión con el propósito de realzar su imagen, obtener una ventaja indebida frente a sus rivales políticos, influenciar la opinión pública a favor del Partido *270 Popular Democrático, adelantar los intereses de dicho partido y desmerecer la obra realizada por la pasada administración del P.N.P. Además, se adujo que la publicación de los referidos anuncios contravenía el Art. VI, Sec. 9, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, que prohíbe el uso de fondos públicos para fines no públicos y consagra la paridad económica entre los partidos políticos. Así, el P.N.P. solicitó que se declarara inconstitucional el gasto de fondos públicos, que se dictara un injunction para ordenar a la parte demandada a abstenerse de su conducta y que se ordenara al Departamento de Justicia que recobrara el dinero gastado en los mencionados anuncios.
Celebradas varias vistas ante el foro primario, las partes estipularon los hechos en controversia. Por otra parte, la Gobernadora solicitó que se desestimara sumariamente el pleito, porque la demanda, aun cuando se dieran por ciertas las alegaciones en ella contenidas, no contenía una causa de acción contra ella en su capacidad personal u oficial.
Examinado el derecho aplicable, el foro de instancia desestimó la demanda contra la Gobernadora. Inconforme, el P.N.P. apeló ante el Tribunal de Apelaciones, que confirmó la determinación de instancia.
Insatisfecho, el P.N.P. acudió ante nos mediante un recurso de certiorari. Por su parte, la Gobernadora se opuso a su expedición, alegando que el caso no es justiciable. En específico, señaló que, como no se postuló para las elecciones de 2004, la controversia se había tornado académica.
Por encontrarse igualmente dividido en relación con la cuestión de la academicidad, inicialmente este Tribunal emitió una sentencia confirmando el dictamen del foro apelativo. Inconforme, el P.N.P. presentó una moción de reconsideración, la cual acogimos y, así, expedimos el auto solicitado. Por entender que el caso ya no presenta un *271 asunto justiciable, se anula el auto expedido y se deniega la segunda moción de reconsideración.
II
La función revisora de los tribunales se limita a resolver las controversias genuinas entre partes opuestas con un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, los tribunales no podemos emitir opiniones consultivas. No obstante, excepcionalmente podemos revisar un asunto aunque sea académico cuando se trata de una controversia recurrente y capaz de evadir la revisión judicial. Para ello, es necesario que exista una “probabilidad razonable” de que el pleito pueda repetirse y que la controversia sea inherentemente de tan corta duración que es probable que deje de existir antes de que termine la litigación. Asoc. de Periodistas v. González, 127 D.P.R. 704 (1991).
III
A la luz del derecho aplicable, el caso ante nuestra consideración no es justiciable. En efecto, el pleito se volvió académico cuando los referidos anuncios cesaron de transmitirse. Además, como la Gobernadora no se postuló para su reelección ni tiene una posición eleccionaria en una de las ramas del Gobierno; no hay una probabilidad razonable de que la controversia se repita.
IV
Por los fundamentos que preceden, se anula el auto ex-pedido y se deniega la segunda moción de reconsideración. Las partes deberán atenerse a lo resuelto por este Tribunal.
*272 Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton emitió una opinión de conformidad, a la cual se unieron las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez. El Juez Asociado Señor Rebollo López emitió una opinión disidente. El Juez Asociado Señor Rivera Pérez se reitera en su opinión disidente, referente a este asunto, en el caso P.N.P. v. Gobernadora, 162 D.P.R. 239 (2004). El Juez Asociado Fuster Berlingeri no intervino. Todos los Jueces que intervinieron lo hicieron por Regla de Necesidad.
Opinión de conformidad emitida por el
Juez Presidente Señor Hernández Denton, a la cual se unen las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
En P.N.P. v. Carrasquillo, 166 D.P.R. 70 (2005), resolvimos que una demanda que solicitaba que un funcionario cesara de publicar ciertos anuncios se había tornado académica debido a la remoción de dichos anuncios y a lo especulativo de que la controversia pudiera repetirse.
Por entender que los hechos ante nos son prácticamente idénticos a los de P.N.P. v. Carrasquillo, supra, creemos que procede anular el auto expedido y denegar la segunda moción de reconsideración presentada por el Partido Nuevo Progresista (PNP). Por ende, endosamos la sentencia emitida por el Tribunal.
HH
En diciembre de 2003 el PNP presentó ante el Tribunal de Primera Instancia una demanda y una petición de injunction contra el Estado Libre Asociado y su entonces gobernadora, Hon. Sila María Calderón (Gobernadora).
*273 En su demanda, el PNP alegó, en síntesis, que la Gobernadora utilizó fondos públicos para transmitir varios anuncios en la prensa, radio y televisión con el propósito de obtener una ventaja indebida frente a sus rivales políticos y de influenciar la opinión pública a favor del Partido Popular Democrático.(1) Adujo que la publicación de los referidos anuncios con dicho fin contraviene el Art. 6, Sec. 9 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, y el axioma de igualdad en materia electoral que permea nuestro ordenamiento jurídico.
Así las cosas, y luego de la celebración de varias vistas ante el foro primario, las partes estipularon dos hechos, a saber: (1) que la Gobernadora era candidata a la reelección y (2) que la Gobernadora continuaba transmitiendo los anuncios impugnados. La referida estipulación tenía el obvio propósito de acreditar ante el Tribunal de Primera Instancia que la controversia no se había tornado académica, pues la alegada conducta ilegal no había cesado(2) y que, aunque cesara, era susceptible de repetirse entre las mismas partes.(3)
Luego de aquilatar la prueba, el foro de instancia desestimó la demanda. Inconforme, el PNP acudió ante el Tribunal de Apelaciones. Dicho tribunal confirmó la determinación del foro primario. Aún insatisfecho, el PNP acudió ante nosotros para solicitar la revocación de la determinación del Tribunal de Apelaciones.
La Gobernadora, por su parte, se opuso a que expidiéramos el auto solicitado, señalando que la controversia se había tornado académica debido que no se postuló para ostentar nuevamente su cargo en las elecciones de 2004.
*274 En junio de 2004, este Tribunal, por encontrarse igualmente dividido respecto a si el presente caso se había tornado académico, emitió una sentencia confirmatoria de la dictada por el foro apelativo. Inconforme, el PNP solicitó que reconsideráramos nuestro dictamen. En octubre de 2004 acogimos la referida moción de reconsideración y ex-pedimos el auto solicitado.
Entendemos que la presente controversia se ha convertido en académica debido a que la Gobernadora no se postuló para la reelección y que, en efecto, ya no funge como tal. Además, creemos que, al igual que como ocurrió en P.N.P. v. Carrasquillo, supra, el caso que tenemos ante nosotros ya no presenta un asunto justiciable, ya que los anuncios impugnados han cesado de transmitirse. Veamos.
I—i hH
Como hemos mencionado anteriormente, “la academicidad no es otra cosa que la ‘doctrina de la acción legitimada enmarcada en el tiempo: [e]l interés personal requerido debe existir al comienzo del litigio (“standing”) y debe continuar durante toda la duración de éste (academicidad)’ (Citas omitidas.) P.N.P. v. Carrasquillo, supra, pág. 75. En atención a esto, una variación en el trasfondo fáctico del caso o en el derecho aplicable puede tener el efecto de convertir en académica una controversia que, en sus orígenes, era justiciable. Com. de la Mujer v. Srio. de Justicia, 109 D.P.R. 715 (1980).
A pesar de que, como norma general, los tribunales debemos abstenernos de entrar a los méritos de una controversia académica, la jurisprudencia ha desarrollado varias excepciones a la referida regla. De acuerdo con lo anterior, hemos establecido que un asunto técnicamente académico es revisable por los tribunales cuando presenta una controversia recurrente y capaz de evadir la revisión judicial.
Conforme a la referida excepción, se puede entrar en los *275 méritos de una controversia académica “dependiendo del saldo que arroje el examen de los tres criterios siguientes: (1) probabilidad de la recurrencia, (2) identidad o no de las partes involucradas en el posible pleito recurrente futuro, y (3) probabilidad de que la controversia evada revisión judicial”. P.N.P. v. Carrasquillo, supra, pág. 76. Véase Cruz v. Administración, 164 D.P.R. 341 (2005).
En cuanto a la probabilidad de recurrencia, es necesario que exista una “probabilidad razonable” de que el pleito pueda repetirse. No basta, por lo tanto, una posibilidad meramente especulativa de que la controversia pudiera volver a ocurrir.
Por otra parte, usualmente debe existir una posibilidad real de que el caso pueda volver a ocurrir entre las mismas partes. No obstante lo anterior, hemos resuelto que, en casos que presentan cuestiones constitucionales de la más alta jerarquía, podemos entrar en los méritos de la controversia aunque la probabilidad de repetición sea entre distintas partes. Ello para imprimirle significado concreto a nuestros valores más fundamentales. P.N.P. v. Carrasquillo, supra.
En el pasado hemos identificado varios valores constitucionales que justifican que entremos a los méritos de un caso, aunque éste sólo sea susceptible de repetirse entre partes distintas. Entre dichos valores se encuentran la libertad de expresión,(4) la libertad de prensa(5) y la igual protección de las leyes.(6)
Por otro lado, recientemente expresamos que el axioma de igualdad electoral, “aunque ciertamente representa un principio importante dentro de nuestro ordenamiento jurí *276 dico, no constituye un Valor constitucional de la más alta jerarquía’ ” equiparable en rango a los derechos fundamentales antes mencionados para la aplicación de la doctrina de academicidad. P.N.P. v. Carrasquillo, supra, pág. 79.
Por último, para que concurra la excepción de “cuestión recurrente” es necesario que la controversia sea inherentemente de tan corta duración que exista una probabilidad real de que cese antes de que termine la litigación.
III
A la luz del derecho aplicable, el caso ante nos no es justiciable.
El PNP impugnó ante el foro de instancia la legalidad de que la Gobernadora transmitiera determinados anuncios. Sin embargo, los referidos anuncios cesaron de transmitirse antes de que tuviéramos la oportunidad de adjudicar la controversia en sus méritos. Ello se debe a que la Gobernadora optó por no postularse para la reelección y que actualmente el Hon. Aníbal Acevedo Vilá ocupa dicho puesto. Nos parece claro que dichos cambios fácticos han provocado que no exista una controversia actual entre partes adversas. Com. de la mujer v. Srio. de Justicia, supra.
Por otro lado, los referidos cambios también nos convencen de que no existe una probabilidad razonable de que se vuelvan a transmitir los anuncios impugnados. Además, ello también nos lleva a concluir que es totalmente especulativa la posibilidad de que la controversia se repita entre las mismas partes. Con casi absoluta certeza, en caso de publicarse anuncios similares a los impugnados, la Hon. Sila María Calderón no estará fungiendo nuevamente como Gobernadora.
Por último, la presente controversia no presenta cuestiones constitucionales de la más alta jerarquía que ameriten que, a pesar de que no existe una probabilidad razonable de que recurra la controversia entre las mismas *277 partes, entremos a los méritos del pleito. Como ya hemos señalado, el PNP aduce que la actuación de la Gobernadora viola el axioma de igualdad electoral. El referido principio, aunque importante, no es equiparable en jerarquía a otros derechos fundamentales como la libre expresión, la libertad de prensa, la igual protección de las leyes y el derecho a la intimidad. En vista de ello, “declinamos entrar a los méritos de la controversia para dilucidar el alcance de dicho axioma en situaciones como la de autos. La revisión judicial de acciones como las [del presente caso] debe esperar, pues, a un momento más oportuno”. P.N.P. v. Carrasquillo, supra, pág. 79.
En atención a las razones antes expuestas, creemos que el caso se tornó académico y procede denegar la segunda moción de reconsideración presentada por el peticionario.

 Impugnaron varios anuncios en los que se utilizaba el lema “Puerto Rico, hacia el Futuro por Buen Camino”. También impugnaron ciertos anuncios en los que se utilizaban los colores rojo y amarillo, supuestos colores con los que se identifica la campaña de la Gobernadora. Adujeron que dichos anuncios tenían el fin de opacar los logros de la pasada administración gubernamental.

 Esto debido a que la Gobernadora continuaba transmitiendo los anuncios.

 Es decir, que era susceptible de repetirse entre la Gobernadora, de ser reelecta, y el Partido Nuevo Progresista (PNP).

 Emp. Pur. Des., Inc. v. H.I.E.Tel., 150 D.P.R. 924 (2000).

 Asoc. de Periodistas v. González, 127 D.P.R. 704 (1991).

 Com. de la Mujer v. Srio. de Justicia, 109 D.P.R. 715 (1980). Similarmente, en Roe v. Wade, 410 U.S. 113 (1973), el Tribunal Supremo federal entró en los méritos de una controversia técnicamente académica para hacer ciertas expresiones en cuanto al derecho a laintimidad.